IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARVIN YULLE,

                               Plaintiff,

                                              Civ. Action No.
      vs.                                    9:05-CV-0802 (LEK/DEP)

WARREN BARKLEY, *et al.*

                               Defendant.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

MARVIN YULLE, *pro se*
Bronx, New York

FOR DEFENDANT:

HON. ANDREW CUOMO         ED THOMPSON, ESQ.
Office of the Attorney General    Assistant Attorney General
State of New York
615 Erie Boulevard West
Syracuse, New York 13204

REPORT AND RECOMMENDATION

     This civil rights action was commenced by the plaintiff on June 27,

2005.  At the time of commencement, plaintiff was a New York State

prison inmate confined within the Cape Vincent Correctional Facility.

From notices sent by the plaintiff advising the court of changes of his

address, however, it appears that he has been released from the custody of New York State Department of Correctional Services.  *See* Dkt. No. 26.

On May 30, 2007, the court scheduled a final pretrial telephone conference in this case, which appears to be trial ready, to be held on June 14, 2007 at 2:30 p.m.; a notice of that conference was mailed to the plaintiff at the address currently listed on the court's docket.  *See* Dkt. No. 28.  In that notice, plaintiff was instructed to provide the court, as well as defendants' counsel, with a telephone number where he could be reached for purposes of conducting the scheduled conference.  *See id.*  At the time of the scheduled conference, however, the court was advised by defendants' counsel that plaintiff had not provided his office with a telephone number where he could be contacted, and consequently the conference did not go forward as scheduled.

On June 15, 2007, I issued an order directing the plaintiff to appear for an in-person final pretrial conference on June 29, 2007 in Syracuse, New York.  *See* Dkt. No. 29.  That order also stated that in the event of a further unexcused failure by the plaintiff to participate in a conference ordered by the court in this action, I would issue a report to the assigned district judge, the Honorable Lawrence E. Kahn, recommending that

2

plaintiff''s complaint in the case be dismissed based upon his failure to prosecute this action, and to comply with the court's rules and other governing requirements.  *See id.*

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89; *see also Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).  Dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences.  *See Doyle v. Anderson*, No. 01 Civ 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) (dismissing complaint where plaintiff failed, *inter alia*, to appear for scheduled status conference, to attend deposition, and to respond to

3

discovery requests); *Lindsey v. Loughlin*, 616 F. Supp. 449, 453 (E.D.N.Y. 1985) (McLaughlin, D.J. and Scheindlin, M.J.) (dismissing complaint for, *inter alia*, plaintiff's failure to prosecute action where he last contacted the court with his address change upon release from prison and subsequently failed to appear for status conferences scheduled by the court).  The power of a court to dismiss an action for failure to prosecute is inherent, and may be exercised *sua sponte*.  *Lindsey*, 616 F. Supp. at 453 (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

Based upon the foregoing finding that such relief is warranted under the circumstances, it is hereby

RECOMMENDED, that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within

which to file written objections to the foregoing report.  Such objections

shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS

REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*,

984 F.2d 85 (2d Cir. 1993).

     It is further ORDERED that the Clerk serve a copy of this Order on

plaintiff by regular mail and defendants' counsel by electronic means.


Dated:  July 3, 2007
       Syracuse, NY



David E. Peebles
U.S. Magistrate Judge

5